AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | **AMENDED** JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 07-CR-143 |
| **STEPHEN A. HOLT, SR.** | USM Number: 09023-089 |
| | Matt J. Ricci |
| | Defendant's Attorney |
| | Karine Moreno-Taxman |
| | Assistant United States Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed.R.Crim.P.35(b))
☐ Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35(c))
☐ Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)

☐ Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☒ Modification of Restitution Order(18 U.S.C. § 3664)

THE DEFENDANT:

☒ pleaded guilty on October 15, 2007, to count one of the 29-count Superseding Indictment.
☐ pleaded nolo contendere to count(s)———————————————which was accepted by the court.
☐ after a plea of not guilty, was found guilty as to count(s) _____

Accordingly, the defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to defraud the United States | July 24, 2007 | One |

The defendant is sentenced as provided in Pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count 4 of the Superseding Indictment ☒ is ☐ are dismissed as to this defendant on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States attorney of material changes in economic circumstances.

February 14, 2008
Date of Imposition of Judgment

_[signature]_
Signature of Judicial Officer

C. N. Clevert, Jr., U. S. District Judge
Name & Title of Judicial Officer

3/12/2008
Date

**Defendant: Stephen A. Holt, Sr.**
**Case Number: 07-CR-143**

## PROBATION

The defendant is sentenced to probation for a term **of five (5) years as to count one of the Superseding Indictment. Probation shall commence on February 14, 2008.**

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court.

- ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF PROBATION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

Defendant: Stephen A. Holt, Sr.
Case Number: 07-CR-143

## ADDITIONAL TERMS OF PROBATION

1. The defendant shall not possess any firearms or other dangerous weapons, as such possession will result in revocation of the probation term.

2. Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall not illegally possess or unlawfully use any controlled substance, as such possession or use will result in revocation of the probation term.

3. The defendant shall cooperate in the collection of DNA under the guidance and supervision of his supervising probation officer.

4. The defendant shall participate in a program of testing, to include not more than six (6) urinalysis tests per month, and residential or outpatient treatment for drug abuse, as approved by his supervising probation officer, until such time as he is released from such program. The defendant shall pay the cost of this program.

5. The defendant shall comply with the conditions of home confinement for a period not to exceed 180 consecutive days. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the supervising probation officer. If violations occur the defendant may be placed in lock down status (restricted to his residence at all times) for one or more days with Court approval. The defendant shall maintain a telephone at his place of residence without "call forwarding," a modem, "caller ID," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an Electronic Monitoring device and follow Electronic Monitoring procedures as approved by the supervising probation officer.

6. The defendant shall provide access to all financial information requested by the supervising probation officer including, but not limited to, copies of all federal and state income tax returns and any financial statements which may have been or will be filed in connection with the acquisition and/or financing of real estate. All tax returns shall be filed on time, with copies provided to the supervising probation officer immediately upon filing. The defendant shall not change exemptions without the prior approval of the supervising probation officer. The defendant shall apply 100% of any income tax refunds toward payment of the restitution.

7. The defendant shall not open any new lines of credit, which includes the leasing of any vehicle or other property, or use existing credit resources without the prior approval of his supervising probation officer. This means no financing/re-financing or acquistion of real estate without the prior approval of the supervising probation officer. The defendant shall not transfer any property with value in excess of $500.00, or outside the ordinary course of his real estate business, without the prior approval of the supervising probation officer.

8. The defendant shall pay restitution at a rate of not less than $50.00 per month. Restitution is joint and several with any co-defendants who are likewise ordered to pay restitution. Interest on the restitution is waived.

9. The defendant shall cooperate with the Internal Revenue Service and submit all delinquent tax returns and pay all back taxes and interest, under the guidance and supervision of his supervising probation officer.

10. The defendant shall perform 50 hours of community service within each year of probation under the guidance and supervision of his supervising probation officer.

**Defendant: Stephen A. Holt, Sr.**
**Case Number: 07-CR-143**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 100.00 | None | $ 3,800.00 |

☐ The determination of restitution is deferred until 90 days from entry of this Judgment of Conviction. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| As identified on the Victim List prepared by the U. S. Probation Office and provided to the Clerk of Court | | | |
| **Totals:** | $3,800.00 | $ 3,800.00 | Pro Rata Basis |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☒ the interest requirement is waived for the ☐ fine ☒ restitution.

   ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant: Stephen A. Holt, Sr.
Case Number: 07-CR-143

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☒ Lump sum payment of $ 100.00 for the Special Assessment is due immediately. If the defendant cannot make full and immediate payment, then the balance is to be paid

    ☐ not later than _____ , or

    ☐ in accordance ☐ C, ☐ D, ☐ E or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Restitution is Joint and Several to the extent It is ordered by the court as to certain co-defendants in Case No. 07-CR-143.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.